UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIUS LINSON, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-399 RM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| *Defendant* ) | |

OPINION and ORDER

A hearing was conducted on the government's Fed. R. Civ. P. 12(b)(6) motion to dismiss Julius Linson's complaint for judicial review of a final decision by the Social Security Administration on November 10, 2005, and the matter was taken under advisement. The sole issue before the court is whether Mr. Linson has established an equitable basis for tolling the sixty-day statute of limitations set out in 42 U.S.C. § 405(g). For the reasons that follow, the court finds that he has done so, and denies the motion to dismiss.

When a complaint is challenged under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). A defendant is entitled to dismissal under Rule 12(b)(6) only when no set of facts consistent with the allegations in the complaint would entitle him to the relief sought. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46

(1957)); Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). A plaintiff, however, may plead himself out of court under FED. R. CIV. P. 12(b)(6), "if [he] pleads facts that show [his] suit [is] barred by a statute of limitations." Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995).

An action to review the final decision of the Commissioner of Social Security must be "commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). The sixty-day requirement is not jurisdictional, but merely a statute of limitations and is therefore subject to equitable tolling. Bowen v. City of New York, 476 U.S. 467, 479 (1985); Johnson v. Sullivan, 922 F.2d 346, 355 (7th Cir. 1990). Federal regulations define "mailing" as the date an individual receives notice of the Appeals Council's denial of his/her request for review. 20 C.F.R.§§ 416.1481, 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. Id.

To fall within the limitations period, Mr. Linson's complaint had to have been filed on or before June 6, 2005 (65 days after the March 30, 2005 notice from the Appeals Council).[1] His compliant wasn't received by the Clerk's office until July 5, 2005, and wasn't filed until July 11, 2005. The government contends

---

[1] Mr. Linson requested an extension of the filing deadline from the Appeals Council pursuant to 20 C.F.R. 416.1411, 416.1482, but his request was denied.

2

that Mr. Linson's complaint should be dismissed because it wasn't timely filed and Mr. Linson hasn't alleged a permissible basis for extending the limitations period.

Tolling of a statute of limitations period is a form of equitable relief and is restricted to those cases where the plaintiff's error in not bringing suit within the appropriate time period was made in good faith. In re Mikes, Inc., 337 F.3d 909, 912 (7th Cir. 2003); Jones v. Madison Serv. Corp., 744 F.2d 1309, 1314 (7th Cir. 1984). The plaintiff must show that he "exercised continuous diligence and brought the suit as soon as it was practicable." Chapple v. Nat'l Starch & Chem. Co. & Oil, 178 F.3d 501, 506 (7th Cir. 1999).

Mr. Linson sent a letter in response to the government's motion to dismiss, in which he asked that his petition be heard and stated that:

> When I received the mail it was given to me by my neighbor. I live in an apartment complex where there are multiple mailboxes. Apparently, my mail was placed inadvertently in the wrong box as my neighbor notified me that she had my mail. . . . The 60 days was already expired by the time I opened the mail.

Mr. Linson offered the same explanation at the November 10 hearing, although he couldn't precisely identify when he received the letter from his neighbor. Mr. Linson's statements regarding the reasons for the delay and his efforts to file suit as soon as practicable were credible; he acted with due diligence and in good faith when he filed his complaint for judicial review; and he has sufficiently established an equitable basis for tolling the sixty-day statute of limitations set out in 42 U.S.A. § 405(g).

Accordingly, the government's motion to dismiss [Docket No. 11] is DENIED. Mr. Linson shall have to and including March 31, 2006 within which to file his opening brief. District Rule 7.3 shall govern the timing of any response and reply.

SO ORDERED.

ENTERED:     February 13, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge, United States District Court
Northern District of Indiana